# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH REMBERT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 14-00503-KD-B** |
| | ) | |
| **SELMA CITY BOARD OF EDUCATION,** | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (Docs. 39-42), Plaintiff's Response (Doc. 45) and Defendant's Reply (Doc. 57);[1] Defendant's Supplemental Exhibits (Doc. 49) and Plaintiff's Responses thereto (Docs. 50-51); and Defendant's Response (and exhibits) to the Court's July 31, 2015 Order (Doc. 68).[2]

## I.   Factual Background[3]

This action stems from the circumstances surrounding Defendant Selma City Board of Education (Selma)'s decision not to hire *pro se* Plaintiff Joseph Rembert (Rembert). Specifically, Rembert alleges that he was not hired as a social studies teacher because of his age in violation of the *Age Discrimination in Employment Act*, 29 U.S.C. § 621 *et seq.* ("ADEA").[4]

---

[1] Plaintiff's Sur-Reply (Doc. 64) was not considered on summary judgment because it was an untimely attempt by Plaintiff to further argue a motion to strike upon which the Court had already ruled per Doc. 62.

[2] While Docs. 49 and 68 were not filed with the motion for summary judgment, these supplements are permitted as they were filed pursuant to the Magistrate Judge's June 19, 2015 and July 31, 2015 rulings, ordering the production by Selma of certain discovery documents relevant to the summary judgment determination.

[3] At the summary judgment stage, the facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).   The Court views "the evidence and all reasonable inferences in the light most favorable to the non-moving party." Battle v. Board of Regents for Ga., 468 F.3d 755, 759 (11th Cir .2006).

[4] Rembert litigates a singular ADEA claim, asserted pursuant to a federal statute. Thus Court has original

(Doc. 22).

Rembert, a 66 year old man, was employed by Selma as a 7th grade social studies teacher from August 2009-May 2011; he resigned effective May 27, 2011.   (Doc. 45-1 at 15; Doc. 42-1 (Aff. Shirley at ¶4)).   Gerald Shirley (Shirley) is the Superintendent of the Selma City Public Schools and is charge of the day-to-day school system operations.   (Doc. 42-1 (Aff. Shirley at ¶1)).   Rembert was issued the following teaching certificates: a nonrenewable emergency (EMII) certificate for general social science on November 16, 2009 (effective from July 1, 2009-June 30, 2010), and a nonrenewable first alternative Baccalaureate-level (ABA) grades 6-12 certificate for general social science on March 1, 2011 (valid from July 1, 2010 to June 30, 2011).[5]   (Id. (Aff. Shirley at ¶¶2-3); Doc. 42-1 at 4-5; Doc. 42-2 at 3-4).

On May 22, 2013, a notice was posted by Selma for vacant social studies teacher positions, specifically stating that the "qualifications" consisted of a "valid Alabama teacher certificate."   (Doc. 45-1 at 14; Doc. 42-1 (Aff. Shirley at ¶5); Doc. 42-1 at 6).   According to Rembert, on May 28, 2013, he submitted a letter to the Selma personnel director Arthur Capers (Capers) seeking an interview for the social studies teacher position at the Selma High School, as well as an Instructional Aide at the School of Discovery (6th grade).   (Doc. 22 at 2).   In response to the May 22, 2013 notice, there were eight (8) applicants for two (2) social studies positions at R.B. Hudson Middle School.   (Doc. 42-1 (Aff. Shirley at ¶6-7)).

---

federal jurisdiction over this entire action pursuant to 28 U.S.C. § 1331.   Ordinarily, a plaintiff must carry out certain administrative prerequisites before a claim under the ADEA can be asserted in federal court. See, e.g., Newman v. Career Consultants, Inc., 470 F.Supp.2d 1333, 1342 (M.D. Ala. 2007); Jones v. Dillard's, Inc., 331 F.3d 1259, 1263 (11th Cir. 2003). However, failure to satisfy such prerequisites does not deprive a court of subject-matter jurisdiction as they are conditions precedent subject to waiver.   See, e.g., Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); McClinton v. Alabama By-Products Corp., 743 F.2d 1483, 1485 (11th Cir. 1984). Selma raises no argument based on any such failure. Thus, to the extent such *may* exist, the matter has been waived.

5   As confirmed and explained by Sarah P. Justiss (Justiss), the State Certification Officer for the Alabama State Department of Education, who issues of such certificates.   (Doc. 42-2 (Aff. Justiss at ¶3)).

The applicants – which included Rembert – were interviewed on July 22, 2013 by Shirley, personnel director Capers, and incoming R.B. Hudson Middle School Principal James D. Pope, who asked the same ten (10) questions.   (Id.)   Following the July 2013 interviews, incoming Principal Pope recommended to Shirley that applicants Roman (and another applicant) receive the two (2) teaching positions.   (Id. (Aff. Shirley at ¶7)).   Roman (and the other applicant) scored higher than Rembert during the interviews, and significantly, both were able to obtain a certificate to teach social studies either with an emergency certificate or an alternative certificate.   (Id. (Aff. Shirley at ¶8)).

In contrast, as of July 2013, Rembert did not possess a valid teaching certificate and thus per Ala. Code § 16-23-1[6] could not be employed for the position for which he had applied.[7] (Id. (Aff. Shirley at ¶9)). Additionally, Rembert did not indicate that he was eligible to obtain a teaching certificate and the State Department of Education website, on which school boards rely to determine an individual's certification, reflected that he had not held a teaching certificate of any kind since June 30, 2011.   (Id.)   Moreover, based on the rules of the Alabama State Board of Education regarding teacher certification, Rembert was not even eligible for a certificate in July 2013.   (Doc. 42-1 (Aff. Shirley at ¶10); Doc. 42-2 (Aff. Justiss at ¶4)).   To be eligible for the Second Alternative Baccalaureate-Level (ABB) Certificate (the positions), Rembert would have had to complete "two of the four areas of coursework requirements of the Alternative Baccalaureate-Level Certificate Approach no later than August 31, 2012 and submit an

---

[6] Providing as follows: "No person shall be employed in the public schools of the state as county superintendent of education, city superintendent of schools, assistant superintendent, supervisor, principal, teacher or attendance officer unless such person shall hold a certificate issued by the State Superintendent of Education."

[7] As confirmed and explained by Sarah P. Justiss (Justiss), the State Certification Officer for the Alabama State Department of Education, and issuer of such certificates.   (Doc. 42-2 (Aff. Justiss)).

application, to include the recommendation of the employing school system or non-public school to the Educator Certification Office by October 1, 2012."   (Doc. 42-2 (Aff. Justiss at ¶4)).   <u>See also</u> Doc. 42-1 (Aff. Shirley at ¶10)).   State of Alabama records indicate that Rembert did not submit an application for a Second Alternative Certificate.   (Doc. 42-2 (Aff. Justiss at ¶5)). Further, an individual who does not complete the Alternative Baccalaureate-Level Certificate Approach within four (4) consecutive scholastic years forfeits the right to seek a Professional Educator's Certificate through the Alternative Baccalaureate-Level Certificate Approach.   (<u>Id</u>. (Aff. Justiss at ¶6)).

Rembert was not qualified because after June 30, 2011 he held <u>no</u> teaching certificate allowing him to teach in Alabama, and after October 1, 2012, he was no longer even eligible to obtain a Professional Educator Certificate through the Alternative Baccalaureate-Level Certificate Approach.   (<u>Id</u>. (Aff. Shirley at ¶11); Doc. 42-2 (Aff. Justiss at ¶8-9)).   Per Shirley, she did not recommend Rembert for a position because he was not the best qualified based on the interviews, and "more importantly, he did not have a current Alabama teacher certificate and could not be employed to teach."   (Doc. 42-1 (Aff. Shirley at ¶20)).   Shirley also states that Rembert's age "was never considered and was not a factor in the selection process."   (<u>Id</u>. (Aff. Shirley at ¶21)).

Subsequently, Rembert filed suit, alleging age discrimination because he applied for social studies positions for the July 2013/2014 school terms, but a younger, less qualified applicant, Mr. Javon Ramon (Ramon), was awarded the position.   (Doc. 22 at 3).

## II.   <u>Standard of Review</u>

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED.

R. CIV. P. 56(a) (Dec. 2010).   Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> > **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. In reviewing this burden, "the

court must stop short of weighing the evidence and making credibility determinations of the truth of the matter…the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992) (internal citations and quotations omitted).

## III.   Discussion[8]

The ADEA makes it unlawful for an employer to discriminate against an employee due to his being 40 years of age or older – i.e., to fail or refuse to hire him or to discharge him because of his age.   29 U.S.C. §§ 623(a)(1); Ramsey v. Chrysler First, Inc., 861 F.2d 1541, 1543-1544 (11th Cir. 1988).

A plaintiff may support a claim of age discrimination with either direct or circumstantial evidence.   Mora v. Jackson Mem'l Found., Inc., 597 F.3d 1201, 1204 (11th Cir. 2010); Pace v. S. Ry. Sys., 701 F.2d 1383, 1388 (11th Cir. 1983).   Where there is only circumstantial evidence, courts apply a variation of the four-part framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).   See, e.g., Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000); Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999).   Under McDonnell Douglas, the plaintiff has the initial burden of establishing a prima facie case of age discrimination.   Chapman, 229 F.2d at 1024.   In an ADEA case for failure to hire, a plaintiff must establish that: 1) he was a member of the protected group of persons between the ages of 40–70; 2) he was subject to adverse employment action;[9] 3) a substantially younger person filled

---

8 In light of the discovery disputes occurring while this motion for summary judgment has been pending (Docs. 38, 44, 46, 47, 53, 55, 60, 65) and the Magistrate Judge's order for Selma to produce certain teaching certificates, the undersigned **GRANTS** Selma's request for leave to submit additional evidentiary submissions (which it has) to the extent such relief is sought in Doc. 49.

9 "An adverse employment action is an ultimate employment decision, such as…failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or

6

the position that he sought; and 4) he was qualified to do the job for which he was rejected.   <u>Id</u>.
<u>See also</u> <u>Damon</u>, 196 F.3d at 1359; <u>Hudson v. Shaw Environmental & Infrastructure, Inc.</u>, 267
Fed. Appx. 892, 893 (11th Cir. 2008).

If the plaintiff establishes his prima facie case of age discrimination, the employer must
articulate a legitimate, nondiscriminatory reason for the challenged employment action.
<u>Chapman</u>, 229 F.3d at 1024.   Then, the plaintiff must show that the employer's stated reason is
a pretext for unlawful discrimination -- *i.e.*, the plaintiff has the opportunity to come forward
with evidence, including the previously produced evidence establishing the *prima facie* case,
sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer
were not the real reasons for the adverse employment decision. <u>Kragor v. Takeda Pharm. Am.,
Inc.</u>, 702 F.3d 1304, 1307 (11th Cir. 2012); <u>Crawford v. City of Fairburn</u>, 482 F.3d 1305, 1308
(11th Cir. 2007); <u>Combs. v. Plantation Patterns</u>, 106 F.3d 1519, 1528 (11th Cir. 1997).

A plaintiff may overcome the employer's asserted legitimate reasons "either directly by
persuading the court that a discriminatory reason more likely motivated the employer or
indirectly by showing that the employer's proffered explanation is unworthy of credence."
<u>Taylor v. Runyon</u>, 175 F.3d 861, 867 (11th Cir. 1999).   To meet his burden of showing pretext,
the plaintiff must rebut <u>*all*</u> legitimate non-discriminatory reasons that the employer proffers for
the adverse action.   <u>Id</u>.[10] A plaintiff "must meet [the] reason head on and rebut it, and the

---

her of employment opportunities, or adversely affects his or her status as an employee.'" <u>Nettles v. LSG Sky Chefs</u>,
211 Fed. Appx. 837, 838–839 (11th Cir. 2006).

    10 A plaintiff can accomplish this by pointing to "weaknesses, implausibilities, inconsistencies,
incoherencies, or contradictions" in the employer's explanation, <u>Brooks v. County Comm'n of Jefferson Cty., Ala.</u>,
446 F.3d 1160, 1163 (11th Cir. 2006), and/or by "either directly by persuading the court that a discriminatory reason
more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy
of credence[,]" <u>Kragor v. Takeda Pharm. Am., Inc.</u>, 702 F.3d 1304, 1308 (11th Cir. 2012).   Additionally, a plaintiff
may produce evidence that "permits the jury to reasonably disbelieve the employer's proffered reason."   <u>Steger v.</u>

employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030. The Court's inquiry, ultimately, "is limited to whether the employer gave an honest explanation of its behavior." Id. A plaintiff's showing that the employer was incorrect in its decision is insufficient: if the employer honestly believed the employee engaged in misconduct, even if mistaken, no discrimination exists. Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991).

Further, in Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009), the United States Supreme Court held that the language "because of" in the ADEA means that a plaintiff has to prove that age discrimination is the "but for" cause of the adverse act. Following Gross, the Eleventh Circuit reaffirmed the propriety of evaluating ADEA claims based on circumstantial evidence under the McDonnell Douglas framework. See e.g., Mora v. Jackson Mem. Fdtn., Inc., 597 F.3d 1201 (11th Cir. 2010) (explaining that under the ADEA after Gross, an "employer either acted 'because of' the plaintiff's age or it did not[]").[11] However, "it is a long-recognized tenet of tort law that a plaintiff's injury can have multiple 'but-for' causes, each of which may be sufficient to support liability. Requiring proof that a prohibited consideration was the 'but for' cause of an adverse job action does not equate to a burden to show that such consideration was the 'sole' cause….This remains so even after Gross. Moreover, a plaintiff is authorized to plead and pursue alternative theories of recovery, even if they are inconsistent…." Bailey v. City of Huntsville, Ala., 2012 WL 2047672, *9 (N.D. Ala. 2012). Thus, Gross does not place a

Gen. Elec. Co., 318 F.3d 1066, 1079 (11th Cir. 2003). "But a reason cannot...be 'a pretext for discrimination' 'unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (emphasis in original).

11 In Mora the Eleventh Circuit stated that an ADEA plaintiff must now "establish 'but for' causality," such that "no 'same decision' affirmative defense can exist: the employer either acted 'because of' the plaintiff's age or it did not." Id. at 1204 (citing Gross, 557 U.S. at 180). The Eleventh Circuit concluded, it was unnecessary to consider the district court's analysis of the employer's "same decision" affirmative defense. Id. at 1204.

8

heightened evidentiary requirement on ADEA plaintiffs to prove age was the "sole" cause of the adverse employment action. Pearson v. Lawrence Med. Ctr., 2012 WL 5265774 (N.D. Ala. Oct. 24, 2012); Goodridge v. Siemens Energy, Inc., 276 F.R.D. 540, 542 and n. 1 (N.D. Ala. 2011); Ross v. Renaissance Mont. Hotel & Spa at the Convention Ctr., 2012 WL 1030323, *4-5, *report adopted as modified*, 2012 WL 1032618 (M.D. Ala. Feb. 27, 2012); Archie v. Home–Towne Suites, LLC, 749 F.Supp.2d 1308, 1315 (M.D. Ala. 2010); Freeman v. Koch Foods of Ala., 2010 WL 9461668, *2 (M.D. Ala. Jun. 15, 2010); Collins v. Fulton Cty. Sch. Dist., 2012 WL 7802745, *17-18 (N.D. Ga. Dec. 26, 2012).

Finally, in Sims v. MVM, Inc., 704 F.3d 1327, 1332-1333 (11th Cir. 2013), the Eleventh Circuit clarified that the McDonnell Douglas framework is not the *sine qua non* for a plaintiff to survive summary judgment in a discrimination case.   See Smith v. Lockheed Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011).   Instead, "the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent."   Id.   A triable issue of fact exists "if the record, viewed in a light most favorable to the plaintiff, presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer [ ] intentional discrimination by the decisionmaker.'" Id.

Nevertheless, the burden of persuasion always remains on a plaintiff in an ADEA case to proffer evidence sufficient to permit a reasonable fact finder to conclude that the discriminatory animus was the "but-for" cause of the adverse employment action. Gross, 557 U.S. at 176.

Upon consideration, Rembert's ADEA claim fails because he cannot establish a prima facie case of age discrimination.   While the parties agree that Rembert is a member of the protected group of persons between the ages of 40–70, there is no evidence before the Court that

he was qualified to do the job.   Specifically, Rembert lacked any teaching certificate to be qualified for the social studies positions for which he applied.   See *supra* Section I.   Despite this clear fact, Rembert appears to suggest that his qualified status had simply expired and that he only needed to retake and pass the Praxis II examination in order to be recertified.   However, this contention is irrelevant, because *at the time he applied* for the vacant positions he neither possessed nor was eligible for a certificate authorizing him to serve as a teacher in Alabama schools.   This is a fact confirmed by both the certificate issuing authority of the State of Alabama and Selma's Superintendent, and not contested by Rembert.   (Doc. 42-2 (Aff. Justiss); Doc. 42-1 (Aff. Shirley)).

Moreover, Rembert has presented no evidence, whatsoever, indicating that age was a factor in Selma's decision not to hire him. There are no allegations of remarks or comments related to his age, or even mention of his age, on the part of Selma.   In contrast, Superintendent Shirley has attested via Affidavit that age played no factor in Selma's decision.   Rembert has presented no evidence to the contrary on summary judgment, much less such creating a genuine issue of material fact as to whether age discrimination occurred.   At best, Rembert states:

> I was highly qualified, when Mr. Roman never was. Application was made for the wrong certificate for me. I didn't get a certificate for the right courses until days before the end of the school year, when course of study teaching was over and we were in preparation for ARMT and SAT 10 tests. Shirley lied on his affidavit. He could not correctly add the interview score sheets, and prompted others to pervert the truth in order to win this case. I was denied due process and equal protection under the law by the School System...

(Doc. 64 at 7).   However, Rembert has provided no support for these claims, which appear to be conjecture.[12]   Additionally, nothing in these allegations changes the fact that he neither

---

[12] Selma has produced documentation that Roman was unable to obtain proper certification during the 2014-2015 school year.   (Doc. 68).   This information is irrelevant to this case, because the school year at issue is 2013-2014.   In 2013-2014 the evidence indicates that Roman possessed the necessary certification to teach.

possessed nor was eligible for a teaching certificate – his certificates expired several years before the May 2013 posting.   Moreover, Rembert's speculation that "Shirley lied" is unsupported on summary judgment, and this speculation is also flatly contradicted by the State of Alabama's certificate issuing authority (Justiss) – whose own Affidavit verifies the content of Shirley's affidavit.

Regardless of Rembert's speculative beliefs and conclusory statements, he has simply failed to show that he was qualified for the job at the time he applied.   See, e.g., Jones v. BE&K Eng. Co., 146 Fed. Appx. 356 (11th Cir. 2005) (the plaintiff failed to establish a prima facie case of age discrimination because he could not present evidence that he was qualified for the job and because he presented no evidence of intent to discriminate); Turlington v. Atlanta Gas Light Co., 135 F.3d 1428 (11th Cir. 1998) (holding that to create a prima facie ADEA case the plaintiff must establish he is qualified for the job); Baker v. Sears, Roebuck & Co, 903 F.2d 1515, 1520-1521 (11th Cir. 1990) holding that terminated plaintiff failed to make out prima facie case under the ADEA; ruling that she was not qualified for the job in question).   "Although a plaintiff's burden in proving a *prima facie* case is light…summary judgment…is appropriate if he fails to satisfy any one of the elements of a prima facie case. For example, summary judgment is appropriate against a plaintiff who fails to demonstrate that he was qualified to perform the position for which he was rejected."   Turlington, 135 F.3d at 1432-1433.

Further, despite Rembert's claims that the individual who as hired instead of him (Javonne M. Roman) also lacked a required teaching certificate, such is incorrect. Roman was able to obtain valid teaching certificate, whereas Rembert could not.   (Docs. 49-2 (Roman's

(Docs. 49-2 (Roman's Nonprofessional Certificate, Emergency (EM2) for General Social Science for the July 1, 2013 to June 30, 2014 school term); 42-1 (Aff. Shirley at ¶8)).

Nonprofessional Certificate, Emergency (EM2) for General Social Science for the July 1, 2013 to June 30, 2014 school term); 42-1 (Aff. Shirley at ¶8)).

Finally, the Court is unable to ascertain *any pieces*, much less piece together a "convincing mosaic" (Smith, 644 F.3d at 1328) from the circumstantial evidence from which a reasonable jury could infer an unlawful discriminatory intent in Selma's decision to not hire Rembert.   Rembert did not present any evidence tying Selma's decision not to hire him to his age.   See, e.g., Connor v. Bell Microproducts-Future Tech, Inc., 492 Fed. Appx. 963, 967 at n. 1 (11th Cir. 2012) (finding insufficient evidence of age discrimination under the Smith standard).

In sum, Rembert's opposition to summary judgment is rooted in conjecture, irrelevant facts and contentions, and summary conclusions.   Such is insufficient to establish a prima facie case, much less create a genuine issue of material fact to preclude summary judgment.   As such, Selma's motion for summary judgment is due to be **GRANTED.**

## IV.   Conclusion

Accordingly, it is **ORDERED** that Selma's Motion for Summary Judgment (Doc. 39) is **GRANTED.**   A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **25**[th] day of **September 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**